## STATE v BOND

Ohio Appeals, 2nd Dist, Fayette Co.

No. 245. Decided Dec. 12, 1939.

Charles J. Schwart, Pros. Atty., Washington C. H., for plaintiff-appellee.

R. M. Winegardner, Washington C. H., for defendant-appellant.

### OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding on defendant's appeal from the judgment of the Probate Court (Juvenile Court) of Fayette County, Ohio.

On the 27th day of February, 1939, a complaint was duly filed in the Juvenile Court of Fayette County, Ohio, against Sheridan Bond charging him with contributing toward the delinquency of Oscar Deckard, aged 17 years in that,

596

"Said Sheridan Bond did allow and order said Oscar Deckard to handle intoxicating liquor, in the following manner, to-wit: said Sheridan Bond caused said minor to handle and to deliver intoxicating liquor to this affiant, and to collect money for the sale of the same, contrary to the statute in such case made and provided and against the peace and dignity of the State of Ohio."

Defendant on arraignment entered a plea of "not guilty" and thereafter the case proceeded to trial resulting in judgment of conviction, motion for new trial, overruling of same and thereafter imposition of sentence.

Counsel for appellant has failed to set out in proper form his assignments error. This requirement, under our rules, should be observed although we have, up to this time, been very lenient in that we will not dismiss for failure to observe this rule where the claimed errors are manifest from appellant's brief. One ground of error complains of misconduct of the trial court in engaging in conversation with defendant's witness, Frank Deckard, regarding his responsibility as a parent, while the said Frank Deckard was testifying as a witness on behalf of defendant, during the course of the trial.

From an examination of the bill of exceptions, it is disclosed that, at the close of the testimony of this witness, the trial court did have, in open court, a conversation with this witness, the sum total of which was criticism of the fact that this witness, father of the claimed delinquent boy, was apparently using no disciplinary measures to restrain the son, and at the same time, pointing out that such indifference on the part of parents was responsible for the great per cent of crimes throughout the country. We have no hesitancy in saying that the court was absolutely right in every statement he made to Mr. Deckard.

The only question arising would be as to whether or not it should have been made in open court during the progress of the trial. There being no jury, of course, there would be no prejudice in

that particular. The witness, Deckard, having closed his testimony and nothing further being inquired of him, the statement of the trial court could in no sense intimidate the witness. As to witnesses called thereafter, it might have such an effect but from an examination of the entire record subsequent to this incident, we think it apparent that no injurious result followed. Ordinarily it would be preferable to have such admonition in chambers rather than injected into the trial. We suppose that the court was anxious that what he was saying would be taken home to many people possibly present in the audience. We find no error in this particular.

The only remaining claimed error is that the judgment was against the manifest weight of the evidence and contrary to law. This claimed error required a reading of the entire record and this we have done. We have no difficulty in arriving at the conclusion that the evidence amply supports the verdict.

Finding no prejudicial error, the judgment of the trial court will be affirmed at appellant's costs and cause remanded to the trial court for further proceedings according to law.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.